## Martin *v.* Niles-Bement-Pond Company, Appellant.

*Negligence—Master and servant—Unforeseen accident—Place of employment.*

An employer when charged with negligence after an accident has happened, is not to be deemed negligent for not having anticipated what no one else, under the circumstances, would have anticipated.

That which has never happened before, and which is not of such a character that prudent men ought naturally to guard against its happening at all, cannot, when it does happen, furnish a good ground for a charge of negligence in not foreseeing its possible happening and guarding against what no one could have foreseen.

In an action by an employee against his employer to recover damages for personal injuries, it appeared that the accident happened when the plaintiff was engaged in erecting a scaffold. While engaged on work far above the level of the floor of the room in which the scaffold was placed, he knelt down and extended one of his legs backward until it came into contact with the revolving shaft, and his overalls were caught in a projecting set screw, and his leg was crushed. The revolving shaft was far above the reach of the employees generally, and plaintiff's work had nothing to do in connection with it. Plaintiff testified that he did not know that the shaft was there and that it was too dark for him to see it. *Held*, that the evidence was insufficient to establish negligence on the part of the defendant.

Argued Jan. 4, 1906. Appeal, No. 135, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1902, No. 1,021, on verdict for plaintiff in case of Charles Martin v. Niles-Bement-Pond Co. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The court refused binding instructions for plaintiff.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Frank P. Prichard*, with him *James W. Bayard*, for appellant.—There was no evidence of negligence on the part of de-

fendant: Archibald v. Cygolf Shoe Co., 186 Mass. 213 (71 N. E. Repr. 315); Rooney v. Sewall & Day Cordage Co., 161 Mass. 153 (36 N. E. Repr. 789).

*Eugene Raymond*, for appellee.—Where the facts are disputed, where there is any reasonable doubt as to the inferences to be drawn from them, or when the measure of duty is ordinary and reasonable care and the degree varies according to the circumstances, the question cannot in the nature of the case be considered by the court, it must be submitted to the jury: Reeves v. D., L. & W. R. R. Co., 30 Pa. 454; McCully v. Clarke, 40 Pa. 399; Gramlich v. Wurst, 86 Pa. 74; Schum v. Penna. R. R. Co., 107 Pa. 8; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Esher v. Mining Co., 28 Pa. Superior Ct. 387; Hickey v. Solid Steel Casting Co., 212 Pa. 255; Cohen v. P. & R. Ry. Co., 211 Pa. 227; Patterson v. Harrisburg Trust Co., 211 Pa. 173; Bartholomew v. Kemmerer, 211 Pa. 277; McCarthy v. P. & R. Ry. Co., 211 Pa. 193; Becker v. City of Phila., 212 Pa. 379; Gillard v. City of Chester, 212 Pa. 338.

OPINION BY MR. JUSTICE BROWN, April 16, 1906:

The Niles-Bement-Pond Company, a corporation, operated machine shops in the city of Philadelphia. Charles Martin, the appellee, was one of its employees, and had been in its service as a carpenter for about five months before he was injured on August 9, 1901. During this period, when the weather was pleasant, he worked outside of the buildings, and inside of them when it was unpleasant. On August 8, 1901, he was directed to go into one of the shops with two other employees and erect a scaffold for the purpose of changing, at the west end of a room on the second floor, some timbers to which counter-shafting had been attached. The room into which he went was in a building on the north side of the plant. It was about sixty feet long, running from east to west, and about thirty feet wide from north to south. The power that operated the machinery in this building was transmitted from another building adjoining it on the south by a shaft that extended through a hole in a brick partition wall. The shaft extended some distance across the room into which the appellee went. Joists about ten feet apart ran across the building from the

top of one wall to the other, at the height of sixteen feet from the floor on the second story. There was no flooring over these joists and the roof of the building could be seen from the floor below. The shaft that extended from the building on the south across the building on the north was parallel to and between two of the joists, and was supported on a crosspiece resting between them. On this shaft there was a revolving pulley, and about eight or ten inches from the pulley and close to the cross-piece on which the shaft rested there was a collar with a projecting screw. This collar kept the shaft from working off its support. On August 8, the appellee, as directed, built a long and high scaffold reaching from the floor of the second story to within about four feet of the joists and extending under the shaft. On August 9, he took down a counter-shaft at the end of the scaffold farthest from the shaft. He then walked along a board about eight inches wide, extending across the joists, until he reached one parallel to and exactly two feet from the shaft at the point where the pulley and collar were located. With his back to the shaft, he then knelt down on the joist to look for a mark made on it by a cutting tool to show where the new timbers were to be set. In doing this he extended one of his legs backward until it came into contact with the revolving shaft, and his overalls, according to his theory, which may be accepted as the true one, were caught in the projecting set screw and his leg was crushed, necessitating its subsequent amputation. For the injuries so sustained this suit was brought.

The jury were properly instructed that the defendant could not be found guilty of negligence simply because its shaft, up near the roof, sixteen feet above the floor, had on it a collar with a set-screw attachment. No negligence can be imputed to the defendant because it used this main shaft. Revolving up above and beyond the reach of the employees, it was a source of no danger to them. They could all see it from the floor below where they were working, but, even with its set-screw attachment, it was harmless to them. It would have been stopped when the work was going on in the building to which the appellant was assigned, if it had not been the means of transmitting power to the machinery in the adjoining building. If it had been stopped, the machinery in that building would

also have been stopped. The belting had been detached from it in the building in which the appellee was working, and none of the machinery was in operation there. The plaintiff was not sent into the building to do any work upon this shaft, or upon anything connected with it, and he cannot, therefore, complain that he was hurt in doing anything with it in performance of the duty assigned to him. But the contention of counsel for appellee is that, even if this be true, when he was directed to work in the building he ought to have been warned against the danger of coming into contact with the revolving shaft. He testified that he did not know it was there, and that it was too dark for him to see it.

As stated, the appellee was not sent into the building to do any work upon the shaft, or upon anything connected with it, and there was, therefore, no duty upon the employer to warn him against any latent danger in it to which he might subject himself in working upon it. While it is the duty of an employer to provide suitable implements and means with which to carry on the business which he sets his employees to do, and he must warn them of all the dangers to which they will be exposed in the course of their employment, except those which they may be deemed to have foreseen as necessarily incidental to the employment in which they engage, or which may be open and obvious to persons of their experience and understanding, he is not bound to warn them of dangers that he cannot be deemed to have foreseen: Wagner v. Jayne Chemical Co., 147 Pa. 475. " It is not negligence to fail to provide against an accident of such a nature that nobody could have foreseen it, and that no prudence could have anticipated the need of guarding against:" 1 Labatt on Master and Servant, sec. 142. That which has never happened before, and which is not of such a character that prudent men ought naturally to guard against its happening at all, cannot, when it does happen, furnish a good ground for a charge of negligence in not foreseeing its possible happening and guarding against what no one could have foreseen. Applying this rule to the facts in the case before us, how can the appellant be said to have been negligent in not warning the appellee against the most unusual accident that befell him ? There was no duty upon it to do so, unless it ought to have anticipated that its employee, in doing work

having no connection with the revolving shaft, might come into contact with the same in the peculiar manner stated. It offends reason to say that a jury could have inferred from the testimony in this case that the appellant ought to have anticipated the necessity of guarding the appellee against the singular accident that befell him. It would be the wildest guess that the accident ought to have been foreseen and, therefore, guarded against. An employer, when charged with negligence after an accident has happened, is not to be deemed negligent for not having anticipated what no one else, under the circumstances, would have anticipated. As this appellant cannot be deemed to have foreseen what happened its employee, there is nothing to sustain the charge that it was negligent.

As we can discover no evidence of negligence by the defendant, it is unnecessary to consider the question of the contributory negligence of the plaintiff, pressed with much force by counsel for appellant. The first assignment of error is sustained. The judgment is reversed and is entered here for the defendant.